UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ABDULLAH ALKHALIDI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:12-cv-00354-JMS-DKL |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

Habeas petitioner Abdullah Alkhalidi ("Alkhalidi") seeks a writ of habeas corpus invalidating a prison disciplinary proceeding identified as No. WVS 12-02-0029, wherein Alkhalidi was found guilty of possession of escape paraphernalia, specifically a handcuff key. The evidence favorable to the challenged decision is that on February 25, 2012, a conduct report was issued which reflects that Correctional Officer Rilenge observed a cuff key in a tennis shoe during an x-ray search of property taken from Alkhalidi's cell, SCU A-706. A photograph of the tennis shoe and handcuff key along with a notice of confiscated property describing the items was attached to the conduct report. Officer Mayes also wrote a statement which reflects that he was assisting Officer Rilenge with x-raying property taken from SCU A-706 as part of cell search and that he observed Officer Rilenge discover and remove a cuff key from a tennis shoe.

Alkhalidi is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45

(7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Consistent with *Wolff* and *Hill,* Alkhalidi received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. Specifically, the conduct report and officer statement constitute sufficient evidence of Alkhalidi's violation of prison rules. In addition, (1) Alkhalidi was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for its decision and for the sanctions imposed.

Alkhalidi's arguments that he was denied due process are without merit. First, Alkhalidi argues that he was entitled to have DNA testing completed on the cuff key. He is mistaken. Prisoners do not have the right to present evidence that is irrelevant, cumulative or unnecessary. *See Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). The DNA evidence requested would have been unnecessary because the hearing officer already had sufficient evidence—essentially the statements of Officer Rilenge and Officer Mayes, and the photograph of the key and shoe—to conclude that Alkhalidi had committed the offense charged. *See Portee v. Vannatta*, 105 Fed. Appx. 841, 843, 2004 WL 1488736, *2 (7th Cir. 2004) (finding no due process violation when inmate was denied DNA evidence in disciplinary hearing).

In addition, Alkhalidi's assertion that the hearing officer refused to write down his statement is inconsistent with the record which reflects that Alkhalidi stated that he was not guilty, that he requested DNA testing, and that he contends that he was set up because of legal action he has taken based on his placement in Administrative Segregation. Alkhalidi does not provide any indication of what else the hearing officer should have but did not record. No relief is warranted on this basis.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Alkhalidi to relief. The petition must therefore be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/04/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

ABDULLAH ALKHALIDI
104113
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391